■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JOHNSON, Appellant. [663 NYS2d 910] —Carpinello, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered June 3, 1996, convicting defendant upon his plea of guilty of the crimes of assault in the first degree, attempted assault in the second degree, unlawful imprisonment in the first degree and endangering the welfare of a child (two counts).

Defendant was charged in a 12-count indictment with various crimes arising from his physical abuse of his wife, six-year-old stepson, three-year-old stepdaughter and two-year-old daughter. In full satisfaction of the indictment, he pleaded guilty to the crimes of assault in the first degree, attempted assault in the second degree and unlawful imprisonment in the

first degree in relation to the physical abuse he inflicted upon his stepson, and to two counts of endangering the welfare of a child in relation to the physical abuse he inflicted upon his daughter and stepdaughter. As part of his guilty plea, defendant waived his right to appeal everything except the sentence. While no particular sentence was promised as part of the plea agreement, defendant was ultimately sentenced to consecutive prison terms of 7½ to 15 years for assault in the first degree, 1⅓ to 4 years for attempted assault in the second degree and 1⅓ to 4 years for unlawful imprisonment in the first degree, and concurrent one-year jail terms for the two counts of endangering the welfare of a child. Defendant appeals.

Initially, inasmuch as defendant did not move to withdraw his guilty plea or to vacate the judgment of conviction, he has failed to preserve for our review his challenges to the voluntariness of his guilty plea and waiver of appeal (*see, People v Lesame*, 239 AD2d 801, 802; *People v Demers*, 239 AD2d 711; *People v Hayes*, 208 AD2d 1054, *lv denied* 85 NY2d 910). In any event, our review of the record discloses that defendant's guilty plea and waiver were entered into knowingly, voluntarily and intelligently. County Court explained to defendant the ramifications of pleading guilty, including the many rights he would be forfeiting by doing so, as well as the sentencing options available to the court. Defendant indicated that he understood the court's admonitions, had discussed the matter with his attorney and wished to enter a guilty plea. Although defendant stated that he was taking the prescription medications lithium, depakote and buspar at the time of entering his plea, we do not find that this renders his plea involuntary based upon our review of the transcript of the plea proceedings (*see generally, People v Rivera*, 191 AD2d 209). In view of the foregoing, as well as defendant's admissions to the subject crimes, we find no basis for disturbing the guilty plea and waiver of appeal (*see, People v Lindsey*, 241 AD2d 731; *People v Berthiaume*, 240 AD2d 953).

Since defendant entered a knowing, voluntary and intelligent guilty plea and waiver of appeal, his claim of ineffective assistance of counsel has likewise not been preserved for our review (*see, People v Pompey*, 228 AD2d 720, *lv denied* 88 NY2d 992; *People v Hayes*, 194 AD2d 998). Nevertheless, were we to consider it, we would find on the record as a whole that defendant was afforded meaningful representation (*see, People v Pressley*, 241 AD2d 621; *People v Bryant*, 221 AD2d 774).

As to defendant's challenges to the sentence imposed, we reject his claim that County Court's imposition of consecutive

sentences for the crimes of assault in the first degree and attempted assault in the second degree was illegal under Penal Law § 70.25 (2). Although the subject acts providing the basis for these charges occurred on the same day and involved the same victim, it is clear that separate acts were involved inasmuch as the nature of physical abuse specified for each crime was much different. Furthermore, we do not find that the sentence imposed upon defendant was either harsh or excessive. Defendant's actions toward his stepson were particularly brutal, having resulted in the child suffering permanent brain damage from a fractured skull. This, together with his actions toward the other children and his criminal record, leads us to conclude that the sentence was entirely appropriate. Defendant's remaining contentions have either not been preserved for our review or are lacking in merit.

Crew III, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.