■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD FAULKNER, Appellant. [686 NYS2d 896] —Peters, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered September 30, 1996, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

Defendant pleaded guilty to the crime of murder in the second degree in full satisfaction of a 13-count indictment. Pursuant to the plea bargain agreement, defendant was sentenced to a term of imprisonment of 25 years to life. At the time of his plea, and again at sentencing, defendant waived his right to appeal. Defendant appeals, contending, *inter alia*, that his plea was not knowing and voluntary because he was denied the effective assistance of counsel.

Initially, we note that defendant failed to move to withdraw his guilty plea or vacate the judgment of conviction and, therefore, he has failed to preserve for our review his challenge to the voluntariness of his plea or the effective assistance of counsel (*see, People v Johnson*, 243 AD2d 997, 998, *lv denied* 91 NY2d 927). In any event were we to consider defendant's contentions we would find them to be without merit.

The record clearly indicates that defendant entered his plea knowingly, voluntarily and intelligently. County Court conducted an extensive plea colloquy, during which defendant, who was represented by his attorney, indicated that he understood the ramifications of his plea and that he was entering the plea of his own free will (*see, People v Jackson*, 245 AD2d 964, *lv denied* 91 NY2d 926). Defendant's contention that he received ineffective assistance of counsel at the time of his plea is also without merit. Although defendant was not represented by the same counsel from the Public Defender's office during the entire proceeding, when viewed in its totality, the record establishes that defendant was afforded meaningful representation (*see, People v Johnson, supra*, at 998). We note that defendant pleaded guilty to one count in full satisfaction of a 13-count indictment.

Finally, defendant's remaining contentions, which include his assertion that his sentence was harsh and excessive, are without merit (*see, People v Hulse*, 198 AD2d 614).

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.