■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER VICTOR, Appellant. [694 NYS2d 774] —Cardona, P. J.

Appeal from a judgment of the County Court of Sullivan County (Meddaugh, J.), rendered March 11, 1996, which resentenced defendant following his conviction of the crimes of burglary in the second degree, reckless driving and the traffic infractions of speed not reasonable and prudent and uninsured motor vehicle.

Defendant was charged in a 13-count indictment with numerous crimes and traffic infractions arising from the burglary of a private residence and an ensuing high-speed police chase. In full satisfaction of the indictment, defendant pleaded guilty to four counts contained therein, including burglary in the second degree, and agreed to waive his right to appeal. Thereafter, defendant moved to withdraw his guilty plea and County Court (Kane, J.) ordered a hearing. Prior to the commencement of the hearing, the court assigned new counsel to represent defendant. The court ultimately denied the motion and imposed sentence. Since a second felony offender statement had not been filed at the time of the initial sentencing, it was vacated. Defendant was subsequently resentenced in accordance with the plea bargain and now appeals.

With respect to his guilty plea, defendant challenges both the denial of his motion to withdraw the plea and the sufficiency of the allocution as to the crime of burglary in the second degree (Penal Law § 140.25). Initially, we note that defendant entered a knowing, intelligent and voluntary guilty plea and waiver of the right to appeal (*see*, *People v Faulkner*, 259 AD2d 905; *People v Williams*, 237 AD2d 644, 645, *lv denied* 90 NY2d 866). The transcript of the plea proceedings discloses that defendant, while represented by counsel, was advised of his rights and the consequences of pleading guilty and communicated his understanding to the court. Defendant further indicated that he had not been threatened, coerced or pressured in any way into entering into the plea, nor was he under the influence of alcohol, controlled substances or medication. Defendant contends that he was under "extreme pressure" at the time of the plea owing to the lack of adequate time to consider the plea offer, minimal contact with his attorney and the influence of his mother. These circumstances do not, in our view, render the plea involuntary. Absent evidence of innocence, fraud or mistake (*see*, *People v Davis*, 250 AD2d 939, 947), County Court did not abuse its discretion in denying defendant's motion to withdraw the plea.

Inasmuch as the plea and waiver were knowingly, voluntarily and intelligently made, defendant is precluded from challenging the sufficiency of the allocution relating to burglary in

the second degree (*see, People v Wilmer*, 191 AD2d 850, *lv denied* 81 NY2d 1022). Even if we addressed his claims in that regard, we would find that they lack merit. In pleading guilty to burglary in the second degree, defendant was not required to recite all of the elements of the crime nor was County Court required to elicit from defendant a narrative of events (*see, People v Stonis*, 246 AD2d 911, 912, *lv denied* 92 NY2d 883). Furthermore, upon reviewing the plea allocution, we find that defendant's intent to commit a crime when entering the residence was sufficiently inferable from his factual recitations (*see, People v McGowen*, 42 NY2d 905, 906).

As to defendant's argument of ineffective assistance of counsel, his knowing, voluntary and intelligent guilty plea and waiver precludes judicial review of that claim (*see, People v Faulkner, supra*, at 905; *People v Johnson*, 243 AD2d 997, 998, *lv denied* 91 NY2d 927). Nevertheless, were we to consider it, we would find this contention unpersuasive. The record discloses that the assigned attorney appeared at the arraignment, served proper demands for discovery, made appropriate pretrial motions and advised defendant of the ramifications of accepting the plea. Defendant himself represented to County Court, prior to the acceptance of the plea, that he was satisfied with his attorney's services. Moreover, the plea negotiated by the attorney was more favorable than the sentence defendant could have faced had he been convicted after trial. Viewed in totality, defendant was provided meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147; *People v Myatt*, 248 AD2d 68, 71; *People v Johnson, supra*, at 998). Therefore, we find no reason to disturb the judgment of conviction.

Mikoll, Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the judgment is affirmed.