■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID R. BAKER, Appellant. [695 NYS2d 160] —Appeal from a judgment of the County Court of Cortland County (Avery, Jr., J.), rendered December 1, 1998, convicting defendant upon his plea of guilty of the crimes of aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated.

Defendant pleaded guilty to aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated and was sentenced to a term of 1⅓ to 4 years in prison on the unlicensed operation count and a definite term of one year in prison on the driving while intoxicated count, both sentences to be served concurrently. Defendant now argues that this sentence was harsh and excessive because, *inter alia*, a more lenient sentence had been discussed prior to his fleeing the jurisdiction while released on his own recognizance pending sentencing. We disagree. A sentence within permissible statutory ranges will not be disturbed unless extraordinary circumstances exist warranting a modification (*see, People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872). Here, given defendant's prior criminal history and the circumstances

---

described in the record, we find no reason to disturb the sentence imposed in the interest of justice (*see, id.*).

Cardona, P. J., Mercure, Crew III, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.