■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER A. KNAPP, Appellant. [706 NYS2d 531] —Mugglin, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered October 9, 1998, upon a verdict convicting defendant of the crimes of driving while intoxicated and driving while ability impaired.

Defendant's convictions arise out of a traffic stop in February 1998, on US Route 9 in the Village of Valatie, Columbia County. At trial, the People established, through the testimony of two members of the Columbia County Sheriff's Department, that defendant was operating an automobile southbound on Route 9, at or about the intersection with Rathbone Avenue. In preparing to make a left turn, defendant activated the turn signal and drove into the left-hand turn lane. However, instead of turning, defendant traveled through the intersection—nearly striking a traffic island—into the northbound lane of Route 9 for about 15 yards before returning to the southbound lane.

Upon stopping defendant's automobile and detecting the odor of alcohol, several field sobriety tests were administered to defendant. Following the completion of these tests, defendant was placed under arrest for driving while intoxicated and transported to a local hospital to determine his blood alcohol content. Analysis of the blood sample by a member of the State Police Forensic Investigation Center revealed that defendant had a blood alcohol level of 0.10% when the blood was drawn. Convicted of driving while intoxicated in violation of Vehicle

and Traffic Law § 1192 (2) and driving while ability impaired, defendant was sentenced to time already served and five years' probation, together with the mandatory surcharge. Defendant now appeals contending that the evidence presented at trial was legally insufficient to sustain the resultant convictions and that the convictions were against the weight of the evidence.

We affirm. Based upon the blood sample not having been obtained from defendant until 77 minutes after his arrest, defendant contends that the People failed to submit legally sufficient evidence to establish that his blood alcohol content was above the legal limit while he was operating the automobile. As a general proposition, an appellate court, in determining the legal sufficiency of evidence at trial, views the evidence in a light most favorable to the People (*see, People v Allah*, 71 NY2d 830, 831) to determine if "there is [a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime[s] charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]).

Specifically, with respect to the sufficiency of the evidence to convict for a violation of Vehicle and Traffic Law § 1192 (2), "proof of a * * * reading of .10 or more within two hours after arrest establishes prima facie a violation of Vehicle and Traffic Law § 1192 (2) which, together with evidence of one or more of defendant's deportment, speech, stability and the odor of his or her breath, is sufficient to sustain a conviction, absent evidence, expert or other and by whichever party produced, from which the trier of fact could conclude that defendant's [blood alcohol content] at the time of the vehicle operation was less than .10" (*People v Mertz*, 68 NY2d 136, 146). Upon review of the record before us, and on application of the general and specific principles above set forth, we conclude that the judgments of conviction are amply supported by the evidence.

Equally unavailing is defendant's contention that the verdict was against the weight of the evidence. In determining whether a verdict is against the weight of the evidence, the reviewing court is required to examine the evidence in a neutral light and make its own independent determination of the relative probative worth of the inferences that may be drawn from the testimony (*see, People v Bleakley, supra*, at 495; *People v Jefferson*, 248 AD2d 815, 817, *lv denied* 92 NY2d 926). According deference to the jury's conclusion, given its opportunity to view the witnesses, hear their testimony and observe their demeanor

(*see, People v Page*, 225 AD2d 831, 833, *lv denied* 88 NY2d 883), and recognizing that the jury is free to credit selectively any portion of the evidence it deems worthy of belief and reject the rest (*see, People v Rose*, 215 AD2d 875, 876, *lv denied* 86 NY2d 793), we cannot say that the verdict is against the weight of the evidence. Although the results of the field sobriety tests do not indicate a strong degree of impairment or intoxication, when viewed in conjunction with the manner of operation of the motor vehicle, the statements made by defendant, the observations of the arresting officers and the blood alcohol content results, the verdict is amply supported by the evidence.

Cardona, P. J., Mercure, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.