■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIM TODD, Appellant. [715 NYS2d 464] —Graffeo, J. Appeals (1) from a judgment of the County Court of Clinton County (McGill, J.), rendered May 4, 1998, convicting defendant upon her plea of guilty of seven counts of the crime of criminal possession of a forged instrument in the second degree, and (2) from an order of said court, entered March 11, 1999, which directed restitution.

Defendant, who had been employed as the plant manager at Biltwell Packaging Corporation in Clinton County, was arrested and charged with 16 counts of criminal possession of a forged instrument arising from her disposition of paychecks that were issued to former employees and fictitious persons. In addition, defendant, who at the time of her arrest was serving a five-year term of probation related to previous convictions, was charged separately with violating the terms of her probation. Accompanied by counsel, she was arraigned on January 29, 1998 and remanded into custody without bail on the basis that she was a flight risk.

On March 2, 1998, defendant appeared with counsel in County Court and, after discussion of possible terms for a plea agreement that would encompass all pending charges, she pleaded guilty initially to the violation of her probation with a promise of a 1 to 3-year sentence of incarceration for that violation. Bail was set at $25,000, pending disposition of the remaining charges and sentencing. Defendant waived indictment and agreed to be prosecuted by a superior court information (hereinafter SCI) on seven of the 16 charges of criminal possession of a forged instrument. Two days later, defendant again appeared with counsel in court and entered a plea of guilty with a waiver of the right to appeal with respect to all seven counts in the SCI in satisfaction of the 16 original charges, in anticipation that she would receive concurrent prison sentences of 2½ to 5 years for each charge, to be served consecutively to the sentence on the violation of probation.

When defendant appeared for sentencing in May 1998, she was represented by new counsel, who moved to withdraw her pleas of guilty on the ground that she was under duress at the time the pleas were entered due to her incarceration without bail. Defendant claimed that she pleaded guilty because her previous attorney had advised her that it was the only way County Court would set bail and permit her release until sentencing. County Court denied the motion, noting that noth-

ing that occurred in the previous proceedings could reasonably have led defendant to believe that bail was conditioned on the entry of a guilty plea. Thereafter, defendant was sentenced as a second felony offender to the terms of incarceration upon which the parties had agreed and, after a hearing, restitution was ordered in the amount of $3,157.63.[1]

Defendant contends that County Court erred in denying the motion to withdraw her guilty pleas. Upon review of the record, we find that County Court did not abuse its discretion in denying the motion to withdraw the pleas of guilty to the seven charges in the SCI (*see, People v Marrero*, 242 AD2d 800; *see also*, CPL 220.60 [3]), the only plea proceeding at issue in this appeal from the judgment of conviction on those charges. Defendant's claim that her sole motivation for entering the plea was her reliance on representations by counsel that a plea was the only means to achieve bail is belied by the fact that County Court set bail two days *before* defendant pleaded guilty to the charges in the SCI. Moreover, prior to the plea allocution, defendant's counsel moved for reduction of the bail, prompting extended discussion in defendant's presence as to the propriety of such relief, and at no time was any mention made of a condition to defendant's release on bail.

Our review of the plea allocution reveals that, notwithstanding some confusion concerning defendant's correct date of birth,[2] defendant, while represented by counsel, was thoroughly advised of her rights and the consequences of a guilty plea. She communicated her understanding of the ramifications of such a plea, indicated that no one had "twisted [her] arm or promised [her] anything" and that she was not under a physician's care or taking any medication, and made a full factual admission of the conduct underlying the charges. Under the circumstances, we conclude that defendant knowingly, voluntarily and intelligently pleaded guilty to the charges in the SCI and waived her right to appeal (*see, People v Stamps*, 268 AD2d 886, 887, *lv denied* 94 NY2d 925; *People v Victor*, 262 AD2d 872, *lv denied* 94 NY2d 830; *People v Marrero, supra*).

As for defendant's assertion that her first attorney was ineffective, we find, insofar as the contention may be deemed

---

1. Although defendant filed a separate notice of appeal from the order of restitution, she has waived any issue related to that order by failing to address it in her brief on appeal (*see, People v Ladd*, 224 AD2d 881, 883, n, *affd* 89 NY2d 893).

2. It appears from the record that this confusion may have stemmed from defendant's prior use of aliases with fictitious Social Security numbers and dates of birth.

preserved for review (*see, People v Conyers*, 227 AD2d 793, *lv denied* 88 NY2d 982), that counsel appeared at the arraignment, negotiated a plea agreement with a sentence substantially more favorable than that which defendant would have faced had she been convicted after trial and effectively advocated for bail pending disposition of the charges such that defendant was provided meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147; *People v Victor, supra*).

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment and order are affirmed.