■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN RAMSEY, Appellant. [719 NYS2d 909] —Cardona, P. J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered April 14, 1999, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

In satisfaction of a three-count indictment, which included a charge of robbery in the first degree, defendant entered a plea of guilty to the crime of burglary in the second degree. He was sentenced in accordance with the plea agreement to an indeterminate prison term of 5 to 10 years. On appeal, defendant argues that the plea allocution was insufficient and the sentence excessive.

Initially, because defendant has not made a motion to withdraw the plea or vacate the judgment of conviction, he has not preserved his challenge to the sufficiency of the plea allocution (*see, People v Lopez*, 71 NY2d 662, 665-666). Inasmuch as the transcript of the plea proceedings fails to disclose any information which either casts doubt upon defendant's plea or otherwise calls into question the voluntariness of the plea, we find no exception to the preservation requirement (*see, id.*, at 666-667; *People v Knoblauch*, 275 AD2d 477). Even addressing the merits of defendant's claim, we find his arguments unpersuasive. The record demonstrates that after County Court informed defendant of the ramifications of pleading guilty, defendant related that he understood the court's admonitions

and was not coerced into entering the plea. Following a detailed allocution, defendant entered a knowing, voluntary and intelligent plea of guilty.

Likewise, we find no merit to defendant's assertion that the sentence was excessive. The sentence imposed was well within statutory guidelines and specifically agreed to by defendant as part of the plea bargain. Furthermore, considering the nature of the crime perpetrated against an elderly woman, we find no basis to disturb the sentence imposed (*see, People v Serna*, 270 AD2d 646, *lv denied* 95 NY2d 804).

Mercure, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.