■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WYCHE, Appellant. [734 NYS2d 730] —Lahtinen, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered May 21, 1999, convicting defendant upon his plea of guilty of the crime of criminal trespass in the first degree.

Defendant pleaded guilty to criminal trespass in the first degree and waived his right to appeal in return for an agreed-upon sentence of 2 to 6 years in prison. After his plea and waiver, defendant was allowed to remain released on his own recognizance with the specific admonition from County Court that if he committed any violation of law before he was sentenced, the court would be free to disregard the plea bargain and impose the maximum prison sentence of $2\frac{1}{3}$ to 7 years. At the time of his plea, defendant also executed a *Parker* admonishment (*see, People v Parker*, 57 NY2d 136, 141), which contained the further warning that if he was arrested before he was sentenced, the court was free to sentence him to the maximum sentence allowed notwithstanding his plea bargain. At sentencing, the court informed defendant that it was going to impose the maximum sentence of $2\frac{1}{3}$ to 7 years as a result of a violation of law committed by defendant pending sentencing. Defendant, who was represented by counsel, agreed to proceed with the sentencing and County Court imposed the maximum sentence. Defendant now appeals arguing that his sentence was harsh and excessive.

Inasmuch as defendant knowingly and voluntarily waived his right to appeal as part of his guilty plea, his contention that the sentence was harsh and excessive has not been preserved for our review (*see, People v Hidalgo*, 91 NY2d 733; *People v Hines*, 263 AD2d 682, *lv denied* 93 NY2d 1019). In any event, were we to consider defendant's argument, we would find it to be without merit. Inasmuch as defendant violated the release conditions, County Court was not bound by the terms of the sentencing agreement and was free to impose the maximum sentence (*see, People v Ramsey*, 269 AD2d 616, *lv denied* 94 NY2d 951). A sentence which is within statutory parameters should not be deemed harsh and excessive in the absence of an abuse of discretion or extraordinary circumstances warranting reduction (*see, People v Baker*, 263 AD2d 771; *People v Dolphy*, 257 AD2d 681, 684-685, *lv denied* 93 NY2d 872).

Crew III, J. P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.