■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE D. BAKER, Appellant. [742 NYS2d 391] —Mugglin, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered May 4, 2000, upon a verdict convicting defendant of two counts of the crime of driving while intoxicated.

As a result of a telephone call reporting a domestic dispute, State Trooper Michael Collier was dispatched to the home of defendant's former girlfriend. After he finished tying some shelving to the top of his car, defendant complied with Collier's direction to leave and drove away. Collier followed him and, within a very short distance, stopped defendant for failure to signal before making a right-hand turn. Defendant was then, based on Collier's observations, arrested for driving while intoxicated. Defendant now appeals his subsequent conviction and sentence to two concurrent prison terms of $1^1/_3$ to 4 years for felony driving while intoxicated, contending that the judgment should be vacated in the interest of justice and that the sentence was harsh and excessive.

We affirm. Defendant's interest of justice appeal centers on his argument that Collier ordered him to drive from the premises even though he knew defendant to then be intoxicated. We first observe that this issue is not preserved for appellate review because defendant failed to seek dismissal of the indictment in the interest of justice before the trial court (*see*, CPL 470.05 [2]; *General Elec. Tech. Servs. Co. v Clinton*, 173 AD2d 86, 89, *lv denied* 79 NY2d 759). Were we to consider the issue (*see*, *People v Oakes*, 252 AD2d 661, 662) we would, nevertheless, find this argument unpersuasive. Collier testified that, upon arrival at the residence, his attention was focused on the safety of the complainant, his own safety, and on observing defendant in order to be certain that defendant was not armed. He further testified that he never approached closer than 10 to 12 feet from defendant, spoke to him for no more than 30 seconds and, therefore, had no indication that defendant was under the influence of alcohol before ordering him to leave. Of necessity, defendant's contention relies on his unsupported belief that Collier was not truthful when he so testified. Also, there is no record support for the proposition that the crime was precipitated in any manner by police misconduct sufficient to warrant dismissal on due process or interest of justice grounds (*see*, *People v Isaacson*, 44 NY2d 511, 520-521). On the contrary, the trial evidence shows that defendant was himself responsible for his excessive drinking, that he was nearing the point of departure before Collier ordered him to leave, and that Collier's conduct did not involve the use of violence or egregious threats.

Finally, we find no merit to defendant's assertion that the sentence imposed was harsh or excessive. It is well settled that "a sentence that falls within the permissible statutory ranges will not be disturbed unless the sentencing court abused its

discretion or extraordinary circumstances exist warranting a modification in the interest of justice" (*People v Bell*, 290 AD2d 729, 729-730; *see, People v Varlack*, 290 AD2d 647; *People v Wyche*, 289 AD2d 870; *People v Dolphy*, 257 AD2d 681, 683, *lv denied* 93 NY2d 872). County Court appropriately considered defendant's prior alcohol-related convictions and, in view of defendant's repeated failed attempts at rehabilitation, properly determined that incarceration was the only remaining alternative.

Peters, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.