■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD R. ARNETT, Appellant. [752 NYS2d 914] —Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered June 21, 2001, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree.

In exchange for defendant's plea of guilty to the crime of criminal sale of a controlled substance in the fifth degree, it was agreed that he would be sentenced as a second felony of-

fender to a prison term of 2½ to 5 years. The agreement was conditioned upon defendant's appearance at the sentencing hearing before County Court and his abstention from additional criminal activity during the interim. Prior to sentencing, defendant was again arrested on a drug-related charge. As a result, he accepted the terms of a revised agreement pursuant to which he pleaded guilty to the crime of criminal sale of a controlled substance in the fifth degree, was sentenced as a second felony offender to a prison term of 3½ to 7 years, and his most recent drug-related charge, criminal sale of a controlled substance in the third degree, was dismissed. Defendant appeals, seeking a reduction of his sentence in the interest of justice.

In view of defendant's lengthy history of drug-related crimes and his apparent inability to refrain from this activity, we find that the prison term imposed by County Court was appropriate (*see People v Hill*, 291 AD2d 730; *People v Carter*, 267 AD2d 594, 595, *lv denied* 94 NY2d 917). Defendant's admitted drug addiction and need for rehabilitation do not constitute extraordinary circumstances that would warrant modification of his sentence in the interest of justice, given the opportunities he has received to participate in drug rehabilitation programs and his repeated failure to benefit from them (*see People v Baker*, 293 AD2d 820, 822, *lv denied* 98 NY2d 708). The remaining contentions raised on defendant's behalf have been reviewed and found to be without merit.

Mercure, J.P., Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.