■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNN CLOUGH, Appellant. [759 NYS2d 820] —Kane, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered November 28, 2001, convicting defendant upon her plea of guilty of the crime of forgery in the second degree.

A grand jury indicted defendant on 17 counts related to her conduct of fraudulently applying for credit under the name of her former employer, among other things. Defendant pleaded guilty to one count of forgery in the second degree in full satisfaction of the indictment, in exchange for a prison sentence of 2 to 4 years, with a recommendation for participation in a substance abuse treatment program. County Court accepted the plea, conditioning the sentence upon defendant not violating the law between the plea and sentencing. On the date set for sentencing, the People moved for an *Outley* hearing (*People v Outley,* 80 NY2d 702 [1993]) based on information that defendant violated the law while on release. After the hearing, County Court determined that defendant had violated the law, thus it was not bound by the sentencing conditions of the plea, and sentenced defendant to an indeterminate prison term of 3 to 6 years. Defendant appeals.

Defendant first contends that her right to due process was

violated because the People failed to provide adequate notice of the allegations that she violated her plea condition. This issue is not preserved, as no objection was raised to County Court at the commencement of the *Outley* hearing. Were we to consider the issue, however, defendant was not prejudiced and had time to mount a defense. Prior to presenting evidence, the People outlined their proof. The first day of the hearing only covered part of the People's direct examination of one witness. Defense counsel had several days before the continuation of the hearing to prepare for cross-examination and presentation of a defense.

Defendant next contends that the People failed to prove that she violated the terms of her release. To allow County Court to impose a sentence other than the one agreed upon as part of the plea bargain, the People were required to show by a preponderance of the evidence that defendant violated the law (*see Spence v Superintendent, Great Meadow Correctional Facility,* 219 F3d 162, 169 [2000]). At the *Outley* hearing, the testimony established that defendant signed out narcotics for another nurse's patients from a secured medicine cabinet at times when she had no access to that locked cabinet. The proof established that defendant made the entries on a business record at times other than those indicated on the records, in violation of Penal Law § 175.05 (1). Further, defendant failed to indicate on the patient's charts that the drugs were actually administered. If she did administer the drugs to the patients, her failure to document that administration violated the law (*see* Public Health Law § 3342; 10 NYCRR 80.46 [e]; 80.48 [c]; Penal Law § 175.05 [3]). If, on the other hand, she signed out the drugs and did not administer them, but instead intended to take them herself, she also violated the law (*see* Penal Law § 175.05 [1]; §§ 175.10, 220.03). Based on her violation of the law and the proper warnings at the time of sentencing regarding the consequences of such a violation, County Court had the authority to deviate from the agreed-upon sentence and issue any sentence permissible by law (*see People v Parker,* 57 NY2d 136 [1982]). Its imposition of a sentence less than the statutory maximum was not harsh or excessive, based on defendant's criminal history and her violation of the law pending sentencing (*see People v Wyche,* 289 AD2d 870 [2001]).

Regarding defendant's contention that her plea allocution was insufficient, her waiver of the right to appeal encompasses a challenge to the factual sufficiency of that allocution (*see People v Cobbs,* 288 AD2d 750 [2001], *lvs denied* 97 NY2d 728 [2002]). Additionally, she failed to preserve this contention for our review by moving before County Court to withdraw her

plea or vacate her conviction (see *People v Davis*, 302 AD2d 973, 974 [2003]; *People v Ocasio*, 265 AD2d 675, 676 [1999]). Were we to review defendant's plea in the interest of justice, we would find that defendant made a knowing and voluntary plea to one count of a 17-count indictment pursuant to a favorable plea agreement. It is inferable from defendant's plea allocution that she did not have her employer's authorization to complete his signature on the pharmaceutical credit application. Defendant's allocution was in all other respects factually sufficient to satisfy the elements of forgery in the second degree (see Penal Law § 170.10 [1]; *People v Moore*, 71 NY2d 1002, 1005-1006 [1988]; *People v Victor*, 262 AD2d 872, 874 [1999], *lv denied* 94 NY2d 830 [1999]).

Crew III, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed and matter remitted to the County Court of Schenectady County for further proceedings pursuant to CPL 460.50 (5).