(July 17, 2003)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM R. PITT, Appellant. [762 NYS2d 290] —Rose, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered August 18, 1998 in Albany County, upon a verdict convicting defendant of the crimes of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree.

Following a jury trial, defendant was convicted of driving while intoxicated as a felony and aggravated unlicensed operation of a motor vehicle in the first degree, also a felony (*see* Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c]; § 511 [3] [a] [i]). At trial, the arresting officer testified that, while on patrol at approximately 1:15 A.M., he observed a pickup truck, which was being driven by a male, speeding on a public highway. During his pursuit of the vehicle, he observed the truck pull into a parking lot where the driver and the passenger, defendant's wife, changed places. He related that when he

then approached the passenger side of the truck, he detected the odor of alcohol and observed that defendant had glassy eyes and slurred speech. After defendant failed a number of field sobriety tests, the officer arrested him and brought him to a police station, where he eventually agreed to submit to a breath test for blood alcohol content, but then twice refused to blow effectively into the testing device. Defendant was convicted based on this evidence and sentenced to concurrent terms of 1⅓ to 4 years in prison. Defendant now appeals, and we affirm.

Initially viewing the evidence in a light most favorable to the People, we find that it was legally sufficient to permit a rational trier of fact to conclude that defendant had been intoxicated when he operated his truck and that all the elements of the charged crimes were established beyond a reasonable doubt (*see* Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c]; § 511 [3] [a] [i]; *People v Crandall,* 287 AD2d 881, 883 [2001]; *People v Hasenflue,* 252 AD2d 829, 831-832 [1998], *lv denied* 92 NY2d 982 [1998]). Next, we find no merit to defendant's contention that his conviction was against the weight of the evidence (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). The conflicting testimonies of the police officers and defendant's witnesses "presented credibility questions which the jury, not unreasonably, resolved in the People's favor" (*People v Meiner,* 248 AD2d 806, 808 [1998]).

Finally, defendant's extensive criminal history, which included four prior incidents of drinking alcohol and driving, amply supports Supreme Court's determination that the sentence was warranted despite his gainful employment and the potential hardship on his family (*see People v Smith,* 301 AD2d 744, 745 [2003]; *People v Baker,* 293 AD2d 820, 821-822 [2002], *lv denied* 98 NY2d 708 [2002]).

Mercure, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.