Cardona, P J.
Appeal from a judgment of the County Court of Warren County (Austin, J.), rendered May 22, 2003, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.
*637 Defendant and three accomplices were arrested in connection with the robbery of a general store. Thereafter, in full satisfaction of a two-count indictment, defendant pleaded guilty to the crime of robbery in the second degree. In the course of his allocution, defendant admitted that he and two of his codefendants entered the store with the purpose of robbing it. The codefendants went behind the store counter while defendant proceeded to steal cigarettes. The record indicates that the two codefendants restrained the store clerk with duct tape and stole currency and other merchandise. Defendant waived his right to appeal and was sentenced to an agreed-upon determinate prison term of six years, to be followed by a three-year period of postrelease supervision. On appeal, defendant contends that his guilty plea was insufficient as a matter of law since his plea allocution lacked a factual basis to support the forcible stealing element of robbery in the second degree (see Penal Law § 160.10 [1]).
Defendant’s challenge to the sufficiency of the plea allocution is unpreserved for our review given his failure to move to withdraw his plea or vacate the judgment of conviction (see People v Lopez, 71 NY2d 662, 665 [1988]; People v Ramsey, 280 AD2d 781, 781 [2001], lv denied 96 NY2d 805 [2001]). Contrary to defendant’s argument, the narrow exception to the preservation rule applies only “where the defendant’s recitation of the facts underlying the crime . . . casts significant doubt upon the defendant’s guilt” (People v Lopez, supra at 666), and not where, as here, “ ‘the sufficiency of the articulation of the element is challenged’ ” (People v Ward, 282 AD2d 871, 872 [2001], quoting People v Vonderchek, 245 AD2d 979, 980 [1997], lv denied 91 NY2d 945 [1998]).
In any event, even addressing the merits of defendant’s claim, our review of the plea allocution minutes establishes that all of the elements of the crime of robbery in the second degree (see Penal Law §§ 20.00, 160.10 [1]) are “ ‘readily inferable’ from [defendant’s] statements regarding the circumstances of the crime. Thus the court was not required to make further inquiry before accepting the plea” (People v McGowen, 42 NY2d 905, 906 [1977] [citation omitted]). Moreover, since the record reveals that County Court adequately explained the rights being surrendered by pleading guilty and defendant acknowledged his understanding of same, the record does not support an argument that his guilty plea was not knowingly, voluntarily and intelligently made (see People v Ramsey, supra at 781-782).
Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.