■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARD J. ARNOLD, JR., Appellant. [768 NYS2d 244]—

Carpinello, J. Appeal from a judgment of the County Court of

Schoharie County (Bartlett III, J.), rendered January 23, 2002, upon a verdict convicting defendant of the crimes of driving while intoxicated (two counts) and aggravated unlicensed operation of a motor vehicle in the first degree and the traffic infraction of driving on the left side of markings.

On the evening of March 10, 2001, a State Trooper observed defendant crossing a double yellow line while driving on a state highway in the Town of Cobleskill, Schoharie County. When approached by the State Trooper, defendant initially gave a false name, but eventually admitted his identity, that he did not possess a valid license and that he had consumed three beers earlier that evening. Defendant, who smelled of alcohol, had slurred speech and glassy eyes, failed two field sobriety tests and was placed under arrest. A breathalyzer test taken within half an hour of the arrest revealed a blood alcohol content (hereinafter BAC) of .10%. Defendant was subsequently indicted on charges of driving while intoxicated (two counts), aggravated unlicensed operation of a motor vehicle and driving on the left side of markings. Following a jury trial, he was convicted of all counts, sentenced to prison terms aggregating 2 to 6 years, and ordered to pay a $2,000 fine and the mandatory surcharge. Defendant appeals, and we affirm.

Defendant's primary contention is that the evidence at trial was legally insufficient to sustain his conviction of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2) because his BAC was *exactly* .10%. We disagree. The proof that a breathalyzer test administered within two hours of arrest produced a BAC reading of .10% or more is sufficient to establish a prima facie violation of this subdivision and, "together with evidence of one or more of defendant's deportment, speech, stability and the odor of his or her breath, is sufficient to sustain a conviction, absent evidence . . . from which the trier of fact could conclude that defendant's BAC at the time of vehicle operation was less than .10" (*People v Mertz*, 68 NY2d 136, 146 [1986]; *see People v Knapp*, 272 AD2d 637, 638 [2000]). Here, the State Trooper who arrested defendant and the officer who administered the breathalyzer test both testified that defendant had an odor of alcohol and slurred speech. This testimony, when coupled with the .10% BAC reading, provides legally sufficient evidence to sustain the conviction. Further, viewing the evidence in a neutral light, we cannot say that the verdict convicting defendant of this crime was against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Knapp, supra* at 638-639).

Finally, we reject defendant's claim that his sentence was

harsh and excessive. In view of his lengthy history of alcohol abuse, which includes numerous alcohol-related convictions, failed attempts at rehabilitation and several violations of probation, defendant's sentence was not an abuse of discretion. Nor do we see any extraordinary circumstances warranting its modification in the interest of justice (*see People v Baker*, 293 AD2d 820, 821-822 [2002], *lv denied* 98 NY2d 708 [2002]; *People v Dolphy*, 257 AD2d 681, 685 [1999], *lv denied* 93 NY2d 872 [1999]).

Cardona, P.J., Mercure, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.