■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND E. ARTZ, Appellant. [782 NYS2d 151]—Kane, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered October 6, 2003, convicting defendant upon his plea of guilty of the crime of scheme to defraud in the first degree.

Defendant was charged in the instant Franklin County indictment with two counts of the crime of scheme to defraud in the first degree and was also apparently charged with similar crimes in St. Lawrence and Essex Counties. He pleaded guilty, against the advice of counsel, to one count of the crime of scheme to defraud in the first degree. This plea was in full satisfaction of the two-count Franklin County indictment and came upon assurance that, once all of defendant's purported victims were paid restitution, the charges in St. Lawrence and Essex Counties would be resolved in defendant's favor. As part of his plea, defendant also waived appellate review of all aspects of his conviction, save for his sentence. County Court sentenced defendant to a prison term of 1 to 3 years, and defendant now appeals.

Defendant's claims concerning the sufficiency of his plea allocution are foreclosed by his appeal waiver and are also unpreserved in the absence of an appropriate motion before County Court (*see People v MacCue*, 8 AD3d 910, 911 [2004]; *People v Wehrle*, 308 AD3d 660, 661 [2003]). In any event, the record reflects that, despite his counsel's reservations concern-

ing the actual criminality of defendant's actions, defendant admitted to a scheme whereby he intentionally defrauded one or more persons of well over $1,000 by means of false promises (*see* Penal Law § 190.65 [1] [b]). To the extent that defendant presses claims concerning his factual guilt, these are similarly forfeited by operation of his entirely voluntary plea of guilty (*see People v Hansen*, 95 NY2d 227, 230-232 [2000]; *People v Burdo*, 1 AD3d 793, 795 [2003], *lv denied* 2 NY3d 761 [2004]; *People v Negron*, 280 AD2d 780, 781 [2001], *lv denied* 96 NY2d 832 [2001]).

Cardona, P.J., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.