■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY F. SEEBER, Appellant. [785 NYS2d 196]—

Spain, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered April 7, 2003, convicting defendant upon his plea of guilty of the crime of gang assault in the first degree.

Defendant and five codefendants were charged in a six-count indictment with numerous crimes arising from the brutal beating of a man in the Town of Windsor, Broome County. Defendant pleaded guilty to gang assault in the first degree in full satisfaction of the indictment. He was sentenced to 10 years in prison, to be followed by a five-year period of postrelease supervision.

Defendant's sole contention on appeal is that his plea allocution was insufficient because it did not establish that the victim suffered a serious physical injury, a necessary element of the crime of gang assault in the first degree (*see* Penal Law § 120.07). Initially, we note that inasmuch as defendant did not move to withdraw his plea or vacate the judgment of conviction, he has not preserved for our review a challenge to the factual sufficiency of the plea (*see People v Artz,* 10 AD3d 814 [2004]; *People v MacCue,* 8 AD3d 910, 911 [2004], *lv denied* 3 NY3d 708 [2004]; *People v Smith,* 2 AD3d 1057, 1058 [2003], *lv denied* 2 NY3d 746 [2004]). The narrow exception to the preservation requirement is inapplicable as it is triggered where a defendant has made statements inconsistent with his or her guilt which negate an essential element of the crime to which the defendant pleaded (*see People v Lopez,* 71 NY2d 662, 666 [1988]; *People v Kelly,* 3 AD3d 789 [2004], *lv denied* 2 NY3d 801 [2004]; *People v Wehrle,* 308 AD2d 660, 661 [2003]; *People v Ocasio,* 265 AD2d 675, 676 [1999]), "not where the sufficiency of the articulation of the element is challenged" (*People v Vonderchek,* 245 AD2d 979, 980 [1997], *lv denied* 91 NY2d 945 [1998]; *see People v Lopez, supra* at 666 n 2; *People v Meyer,* 1 AD3d 636, 637 [2003]; *People v Ward,* 282 AD2d 871, 872 [2001]).

In any event, considering defendant's claim in the interest of justice (*see People v Clough,* 306 AD2d 556, 558 [2003], *lv denied* 100 NY2d 593 [2003]), we find it to be without merit. We note that "a plea allocution is generally sufficient where, as here, a defendant's affirmative responses to County Court's questions established the elements of the crime[ ] charged and there is no indication in the record that the voluntary plea was baseless or improvident" (*People v Kemp,* 288 AD2d 635, 636 [2001]; *see People v Baker,* 301 AD2d 868, 869 [2003], *lv dismissed* 99 NY2d 625 [2003]). A defendant is not required to recite all of the elements of the crime and the court is not required to elicit from the defendant a narrative of events (*see People v Pringle,* 10 AD3d 802, 803 [2004]; *People v Victor,* 262 AD2d 872, 874 [1999], *lv denied* 94 NY2d 830 [1999]). Here, defendant gave an affirmative response when asked by County Court if he understood that, by his guilty plea, he was admitting that he and certain codefendants acted in concert and with the intent to cause serious physical injury to the victim and did, in fact, cause such injury. This, together with defendant's further admission that he and those codefendants hit and kicked the victim and that one of the codefendants struck the victim in the head with a heavy flashlight, established that defendant committed the crime of gang assault in the first degree (*see People v Meyer, supra* at 637; *People v Victor, supra* at 874). Therefore, we find no reason to disturb the judgment of conviction.

Mercure, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.