■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT PROVOST, Appellant. [808 NYS2d 502]—

Appeal from a judgment of the County Court of Ulster County

(Bruhn, J.), rendered October 28, 2002, convicting defendant upon his plea of guilty of the crimes of grand larceny in the second degree (three counts), attempted grand larceny in the second degree, grand larceny in the third degree (three counts), scheme to defraud in the first degree (two counts) and falsifying business records in the first degree.

Defendant and his wife operated an adult home in Ulster County. After a criminal investigation revealed that significant sums of money had been systematically taken from a number of the residents, they were charged in two indictments with three counts of grand larceny in the second degree, attempted grand larceny in the second degree, three counts of grand larceny in the third degree, two counts of scheme to defraud in the first degree and falsifying business records in the first degree. Defendant's then-estranged wife pleaded guilty to each of the charges in both indictments and was sentenced to concurrent terms of six months in jail and five years of probation. Defendant subsequently pleaded guilty to the same charges and received a negotiated concurrent sentence of imprisonment aggregating 5 to 15 years. He now appeals.

We are not persuaded by defendant's contention that the sentence is harsh and excessive. The reprehensible crimes of greed committed by defendant involved the abuse of a position of trust over 19 elderly residents and involved the theft of over $1,329,000. In view of this, as well as the fact that defendant faced consecutive sentences if convicted after trial and was sentenced in accordance with the bargained-for plea agreement, we find no abuse of discretion by County Court. While we acknowledge defendant's admirable military record and poor health, we do not find that they present extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see e.g. People v Smyth*, 233 AD2d 746, 749 [1996], *lv denied* 89 NY2d 1015 [1997]).

Although the wife received a substantially shorter sentence upon her plea to the same crimes, the disparity is partially explained by the fact that defendant appears to have been primarily responsible for opening the bank accounts through which the residents' funds were fraudulently transferred and was handling the adult home's mail and finances. While the wife told the probation officer during the presentence investigation interview that she suspected something, she stated that she feared the consequences of questioning defendant. This was confirmed by their daughter who indicated that, due to the physical and emotional abuse defendant inflicted upon her mother over the years, her mother would never have confronted

him if she suspected wrongdoing. Other factors mitigating in favor of a lesser sentence for the wife—and noted by the District Attorney—include her plea of guilty early in the proceedings and her cooperation with authorities, particularly her assistance in running the adult home during the temporary receivership (*see People v Camaj*, 299 AD2d 595, 597 [2002], *lv denied* 99 NY2d 613 [2003]).

Mercure, J.P., Crew III, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.