■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND BARTON, Appellant. [812 NYS2d 716]—

Mugglin, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered March 23, 2001, convict-

ing defendant upon his plea of guilty of the crimes of burglary in the third degree and criminal possession of a forged instrument in the first degree.

Defendant pleaded guilty to two counts of a five-count indictment in full satisfaction of the indictment and a pending, but unindicted, charge of assault in the second degree. The plea bargain reached included defendant's waiver of his right to appeal and consecutive prison sentences as a second felony offender of 3 to 6 years for his plea of guilty to burglary in the third degree and 7 to 14 years for his plea of guilty to criminal possession of a forged instrument in the first degree. On appeal, defendant contends that his plea of guilty was not voluntarily and knowingly entered, he received the ineffective assistance of counsel, his sentence was excessive and his due process rights were violated by the length of the appellate process.

A review of the plea minutes reveals that language of forfeiture, rather than language of waiver (*see People v Lopez,* 6 NY3d 248, 256-257 [2006]) was employed. Thus, it cannot be determined from this record whether defendant comprehended the nature of the waiver of appellate rights. Therefore, upon consideration of the merits of defendant's argument, we agree that his plea to the second count of the indictment, as charged, was not knowing and intelligent as he was not in possession of a forged instrument. Defendant inserted his own name as payee in a stolen postal money order and cashed it. Under these circumstances, no forgery occurred (*see People v Cunningham,* 2 NY3d 593, 596-598 [2004]; *People v Adkins,* 236 AD2d 850 [1997], *lv denied* 90 NY2d 854 [1997]). It would thus appear that this is one of those rare cases in which the plea is baseless (*see People v Lopez,* 71 NY2d 662, 666 n 2 [1988]). Notably, this is not a plea to a hypothetical or nonexistent crime in satisfaction of an indictment charging a crime for which a higher penalty could be imposed (*see People v Guishard,* 15 AD3d 731 [2005], *lv denied* 5 NY3d 789 [2005]), nor a claim that the plea allocution was insufficient (*see People v Seeber,* 12 AD3d 950 [2004], *lv denied* 4 NY3d 803 [2005]; *People v Artz,* 10 AD3d 814 [2004]), nor a plea to "a *crime* for which the facts alleged to underlie the original charge would not be appropriate" (*People v Francis,* 38 NY2d 150, 155 [1975] [emphasis added]). Here, in contrast, defendant pleaded to the *original charge* which, in fact, is unsupportable by the facts.

The additional issues raised by defendant have been reviewed and lack merit.

Cardona, P.J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by reversing

defendant's conviction of the crime of criminal possession of a forged instrument in the first degree under count two of the indictment; said count dismissed and vacate sentence imposed thereon; and, as so modified, affirmed.