■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTELLIUS JACKSON, Appellant. [817 NYS2d 731]—

Mercure, J.P. Appeals (1) from a judgment of the County Court of Ulster County (Bruhn, J.), rendered May 10, 2004, convicting defendant upon his plea of guilty of the crime of robbery in the first degree, and (2) by permission, from two orders of said court, entered September 8, 2004 and September 15, 2004, which denied defendant's motions pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Following an incident in which he threatened an employee with a knife and forcibly stole property from a convenience store, defendant waived his right to be indicted by a grand jury and consented to be prosecuted by superior court information. He pleaded guilty to robbery in the first degree, waiving his right to appeal in writing. Thereafter, County Court sentenced defendant to six years in prison followed by five years of postrelease supervision, and directed him to make restitution in the amount of $576.86. The court further denied defendant's CPL 440.10 motion to vacate and subsequent renewal of that motion. Defendant appeals from his judgment of conviction and the denials of his motions to vacate, asserting that his plea was not voluntary. In particular, he argues that his plea allocution was insufficient because it did not establish that he used or threatened the immediate use of a dangerous instrument, an essential element of robbery in the first degree as charged here (*see* Penal Law § 160.15 [3]).

A valid waiver of the right to appeal "will encompass any issue that does not involve a right of constitutional dimension going to 'the very heart of the process' " (*People v Lopez*, 6 NY3d 248, 255 [2006], quoting *People v Hansen*, 95 NY2d 227, 230 [2000]). Thus, "[w]hile a defendant always retains the right to challenge . . . the voluntariness of the plea" (*People v Seaberg*, 74 NY2d 1, 10 [1989]; *see People v Conyers*, 227 AD2d 793, 793 [1996], *lv denied* 88 NY2d 982 [1996]), a voluntary waiver of the right to appeal generally encompasses a challenge to the factual sufficiency of the plea allocution (*see e.g. People v Sharlow*, 12 AD3d 724, 725 [2004], *lv denied* 4 NY3d 748 [2004]; *People v Clough*, 306 AD2d 556, 557 [2003], *lv denied* 100 NY2d

593 [2003]; *People v Harris*, 233 AD2d 959, 959 [1996], *lv denied* 89 NY2d 1094 [1997]). Here, inasmuch as nothing in the plea allocution casts doubt on defendant's guilt, negates an essential element of the crime to which he pleaded, or otherwise calls into question the voluntariness of the plea, his voluntary appeal waiver precludes this challenge to the sufficiency of his articulation of the elements of the crime (*see People v Sharlow, supra* at 725; *People v Wehrle*, 308 AD2d 660, 661 [2003]; *see generally People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Seeber*, 12 AD3d 950, 950 [2004], *lv denied* 4 NY3d 803 [2005]).

Further, we reject defendant's assertion that County Court erred in denying without a hearing his CPL 440.10 motions, in which he claimed that the ineffective assistance of counsel impacted the voluntariness of his plea. In this regard, defendant argues that he never used or threatened to use a dangerous instrument and, had counsel informed him of that element of robbery in the first degree, he would not have pleaded guilty. Defendant's argument, however, is belied by his statement to County Court—after the court informed him of the elements of the crime—that, upon entering the convenience store, he held a knife in the air. Moreover, notwithstanding counsel's initial mistake in communicating the length of the agreed-upon sentence to defendant, the record makes clear that counsel conveyed accurate information regarding the People's offer during a private recess with defendant and that defendant fully understood the terms of the plea agreement prior to entering his plea (*see People v Rogers*, 8 AD3d 888, 890-891 [2004]). Under these circumstances and in light of the favorable plea bargain, County Court properly denied the motions (*see* CPL 440.30 [4] [a]; *People v Prue*, 26 AD3d 671, 672 [2006]).

Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment and orders are affirmed.