■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAURA A. SOLOCK, Appellant. [854 NYS2d 785]—Carpinello, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered May 26, 2006, convicting defendant upon her plea of guilty of the crime of grand larceny in the second degree.

Defendant was charged in a two-count indictment with grand larceny in the second degree and falsifying business records in the first degree stemming from evidence that, during the course of her employment with a family business, she stole upwards of $125,000 over a three-year period. Under the terms of a plea agreement, she was to plead guilty to the grand larceny count in satisfaction of the indictment, receive a sentence of 2 to 6 years in prison and pay restitution. Defendant thereafter pleaded guilty to this crime and was sentenced in accordance with the plea agreement. She now appeals.

We are unpersuaded by the sole contention now before us, namely, that defendant's agreed-upon sentence is harsh and excessive and should be reduced in the interest of justice. Defendant committed a crime of greed involving the theft of over $125,000 from a family business which entrusted its assets and finances to her. As aptly observed by County Court at sentencing, "[t]he enormity of this theft speaks volumes." Moreover, when approached by police concerning her conduct, she was not completely forthright about the magnitude of her theft and further attempted to shift blame to her employer for her conduct because she was not paid that well. In view of these facts, as well as the fact that defendant was sentenced in accordance with the plea agreement and the sentence was far less than the maximum permitted, we find no abuse of discretion by County Court in its sentence (*see e.g. People v Provost*, 25 AD3d 1016, 1017 [2006], *lv denied* 6 NY3d 817 [2006]; *People v Shea*, 254 AD2d 512, 513 [1998]). Moreover, while we acknowledge

defendant's lack of criminal history, we do not find that this factor, or any other factor urged by her, presents extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Provost, supra*).

Peters, J.P., Kane, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.