(June 19, 2008)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUMPHRIES QUAYE, Appellant. [860 NYS2d 665]—

Kane, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered July 26, 2005, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

Defendant fought with a taxicab driver, attacked the driver with a knife and drove off with the taxicab. As a result, a grand jury handed up a three-count indictment. Pursuant to a plea agreement, defendant pleaded guilty to robbery in the second degree in satisfaction of the indictment, in return for a sentence of no more than eight years in prison, followed by a period of postrelease supervision. County Court imposed a sentence of seven years in prison, followed by four years of postrelease supervision. Defendant appeals.

Defendant contends that his plea allocution did not contain a factual basis to satisfy the physical injury element of the crime of robbery in the second degree. This argument is without merit. Defendants are not required to recite each element of the

charged crimes, nor must the allocution provide factual support for every element (*see People v Seeber*, 12 AD3d 950, 951 [2004], *lv denied* 4 NY3d 803 [2005]). "[A] plea allocution is generally sufficient where, as here, a defendant's affirmative responses to County Court's questions established the elements of the crimes charged and there is no indication in the record that the voluntary plea was baseless or improvident" (*People v Kemp*, 288 AD2d 635, 636 [2001]; *see People v Seeber*, 12 AD3d at 951). Insofar as defendant admitted that he forcibly stole the taxicab and, in the course of committing that crime, caused physical injury to the driver by cutting him with a knife, defendant's allocution established each of the elements of robbery in the second degree (*see People v Seeber*, 12 AD3d at 951).

County Court did not abuse its discretion in imposing a sentence which was less than half of the statutory maximum and less than the maximum permitted under the plea agreement (*see People v Solock*, 50 AD3d 1166, 1166 [2008]).

Peters, J.P., Rose, Lahtinen and Stein, JJ., concur. Ordered that the judgment is affirmed.