■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK J. ACKLEY, Appellant. [923 NYS2d 787]—

Lahtinen, J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered October 27, 2008, convicting defendant upon his plea of guilty of the crime of attempted sexual abuse in the first degree.

Defendant was charged with sexual abuse in the first degree. On the date of trial, defendant pleaded guilty to attempted sexual abuse in the first degree in accordance with a negotiated plea agreement. The agreement provided that defendant would be sentenced to a prison term of 2 to 4 years followed by five years of postrelease supervision, to run concurrently with a sentence already being served by defendant for another unrelated crime. Defendant thereafter moved to withdraw his plea on the basis that he had discovered new evidence establishing his innocence. County Court denied defendant's motion and imposed a sentence in accordance with the plea agreement. Defendant appeals.

In support of his motion to withdraw, defendant submitted hospital records indicating that he was treated for a knee injury on the date of the crime. He also submitted his own affidavit stating that, although he was at the victim's home on the date in question, the victim was not present. We are not persuaded that this constitutes new evidence such that withdrawal of the plea was required. Although the evidence submitted may raise possible factual defenses to the crime, defendant offered no explanation as to why such information—which was within his own personal knowledge—was not available to him at the time of his plea. Accordingly, we do not find that County Court abused its discretion in denying defendant's motion to withdraw his plea (*see People v Griffin*, 4 AD3d 674, 674-675 [2004]; *People v Pace*, 284 AD2d 806, 807 [2001], *lv denied* 97 NY2d 686 [2001];

*People v Brown*, 126 AD2d 898, 899-900 [1987], *lv denied* 70 NY2d 703 [1987]).

Defendant also argues that the plea allocution was insufficient. There is no requirement that a defendant provide detailed factual support for every element of the crime (*see People v Quaye*, 52 AD3d 1021, 1021-1022 [2008], *lv denied* 11 NY3d 834 [2008]). Where, as here, a defendant admits his or her guilt and affirmatively responds to County Court's inquiries regarding the elements of the crime, the allocution is sufficient (*see People v Kaszubinski*, 55 AD3d 1133, 1135-1136 [2008], *lv denied* 12 NY3d 855 [2009]; *People v Quaye*, 52 AD3d at 1021-1022; *People v Pace*, 284 AD2d at 807). Furthermore, County Court advised defendant of the consequences of his plea and defendant indicated that he understood. In short, there is nothing in the record before us to indicate that defendant's plea was anything other than knowing, voluntary and intelligent.

Mercure, J.P., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.