(January 14, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JONY JIMENEZ, Also Known as MIGUEL HERNANDEZ, Appellant.—Appeal from a judgment of the County Court of Schenectady County (Aison, J.), rendered April 16, 1991, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

While the right to appeal may be waived as a condition of a plea agreement, such waiver, to be enforceable, must be knowingly, voluntarily and intelligently made *(People v Seaberg,* 74 NY2d 1, 11; *see, People v Callahan,* 80 NY2d 273). With respect to defendant's waiver of his right to appeal, it is evident from a review of the transcript of the plea proceedings that defendant did not fully comprehend the extent of that waiver. This conclusion is supported by defendant's statement at sentencing wherein he reiterated to County Court that he wished to be given an opportunity to appeal. As such, the waiver was not knowing and intelligent and was therefore unenforceable *(see, People v Seaberg, supra,* at 11). Defendant is therefore not precluded from seeking appellate review as a result of this waiver *(see, People v DeMauro,* 181 AD2d 1076; *People v Ramos,* 152 AD2d 209).

Defendant contends that, due to County Court's failure to allow him to retain new counsel on the eve of trial, he was forced into pleading guilty to a crime when he did not fully understand the charges against him or the consequences of his plea. He claims that he accepted the plea agreement in order to avoid going to trial represented by an attorney in whom he had lost confidence. A review of the record indicates, however, that defendant's contentions are either without merit, as the court conducted the necessary inquiry to insure that defendant's plea to the crime charged was knowing, voluntary and intelligent *(see, People v Nunez,* 170 AD2d 898, *lv denied* 77 NY2d 964; *People v Clickner,* 128 AD2d 917, *lv denied* 70 NY2d 644; *People v Harris,* 103 AD2d 891), or not properly before us *(see, People v Claudio,* 64 NY2d 858). In addition, to the extent that defendant contends that he was denied effective assistance of counsel, there is no indication in the record that defense counsel failed to satisfy the standards of meaningful representation set forth in *People v Baldi* (54 NY2d 137).

Weiss, P. J., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.