■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE HERNANDEZ, Appellant. [596 NYS2d 123] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Harbater, J.), rendered November 26, 1990, convicting him of criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Appelman, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

On December 2, 1989, at 12:50 A.M., Police Officer Thomas Burke was on anticrime patrol with his partner when he heard a radio transmission reporting a man with a gun at the corner of 124th Street and Jamaica Avenue. The perpetrator was described as a "male hispanic wearing a dark blue jacket and jeans". Three minutes later, the officers approached the intersection and saw six males standing on the corner. According to the testimony of the officer at the suppression hearing, three of the men were Hispanic, and the rest were black. The defendant and one of the other men were wearing dark goose-down jackets.

Officer Burke drove the police vehicle up onto the sidewalk in front of the men. The vehicle's headlights were pointed at the men. He and his partner emerged from the car. The defendant "turned around". By this point, the officers had drawn their guns. Officer Burke told the defendant not to move and told the other men to turn around and put their hands up. After this had occurred, Officer Burke observed the defendant "reach into the waistband of his pants" and he again "shouted at him a few more times not to move". Officer Burke then "saw a brown paper bag fall between his feet onto the floor". The bag contained 16 vials of crack cocaine. The defendant was arrested and 10 additional vials of crack cocaine were found in his pants pocket.

The hearing court denied that branch of the defendant's omnibus motion which was to suppress physical evidence. We reverse.

In the instant case, the police received a vague description of a man with a gun at a specified location. When they arrived at the location, they observed not one, but two Hispanic men wearing dark jackets. Without making any further inquiry, or without relying on any additional observations to justify their actions, the police stopped and detained the defendant and the other men.

As the Court of Appeals has stated, "[A]n anonymous tip of 'men with guns', standing alone, does not justify intrusive police action, and certainly does not rise to the level of reasonable suspicion warranting a stop and frisk" (People v

*Benjamin,* 51 NY2d 267, 270, citing *People v De Bour,* 40 NY2d 210, 224; *People v Bronk,* 66 Misc 2d 932, *affd* 31 NY2d 995). In the instant case, the police based their intrusive conduct solely on an anonymous tip. There is no evidence in the record that, once at the scene, the officers observed other supportive facts, which collectively provided reasonable suspicion justifying intrusive police action. Indeed, given the vague information upon which the officers relied, it cannot be said that their conduct was justified by their independent corroboration of a "specific description" of a perpetrator *(cf., People v Salaman,* 71 NY2d 869, 870). Under such circumstances, the physical evidence should have been suppressed *(see, People v Benjamin, supra; see also, People v Russ,* 61 NY2d 693; *People v La Pene,* 40 NY2d 210; *cf., People v Martinez,* 80 NY2d 444; *People v Wider,* 172 AD2d 573, 574; *People v King,* 165 AD2d 835). Since the defendant dropped the paper bag as a direct consequence of unlawful police action, the vials contained therein, as well as those recovered pursuant to his subsequent arrest, should have been suppressed *(see, People v Wilkerson,* 64 NY2d 749; *People v Boodle,* 47 NY2d 398, 402, *cert denied* 444 US 969). Accordingly, the physical evidence is suppressed and the indictment is dismissed *(cf., People v Perkins,* 189 AD2d 830). Bracken, J. P., Ritter, Copertino and Santucci, JJ., concur.