■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL ANDRADES, Appellant. [631 NYS2d 712] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered December 8, 1993, convicting him of attempted criminal possession of a weapon in the third degree upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Quinones, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and an oral statement made by him to the police.

Ordered that the judgment is reversed, on the law, those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement made by the defendant to the police is granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The evidence adduced at the suppression hearing indicates that the police responded to a radio report indicating that there were "two males on the tenth floor of 849 Flushing Avenue"; that one of the men was "dark skinned" and wore a "three-quarter length black jacket" and that the other man wore "a black jacket"; that one man was by an apartment, "possibly 10-C or 10-D", and the other man was in the hallway; and that "there was a man up on the tenth floor with a gun".

Upon arriving at the location, the police saw the defendant, who was dark skinned and wore a three-quarter length black jacket, and another man wearing a black jacket. The police observed "a slight bulge" in the defendant's pocket and, without making any preliminary inquiry, immediately "frisked the bulge in the defendant's pocket" and retrieved a weapon. The defendant was then arrested and subsequently gave an oral statement to the police.

In *People v Stewart* (41 NY2d 65, 69), the Court of Appeals held that: "where an anonymous phone tip giving a general description and location of a 'man with a gun' is the sole predicate, it will generate only a belief that criminal activity is afoot *(People v Cantor,* 36 NY2d 106; *People v De Bour,* [40 NY2d 210]). That type of information will not of itself constitute reasonable suspicion thereby warranting a stop and frisk of anyone who happens to fit that description *(People v La Pene,* [40 NY2d 210]; CPL 140.50). In that situation, the police have only the common-law power to inquire for purposes of maintaining the *status quo* until additional information can be acquired *(Adams v Williams,* 407 US 143, 145)."

Thus, the police officer "exceeded his authority" *(People v Stewart, supra,* at 69) when he felt the bulge in the defendant's pocket *(see also, People v Hernandez,* 192 AD2d 620). In *People v De Bour (supra,* at 221), the Court of Appeals noted that a bulge in the pocket, unlike a waistband bulge, "could be caused by any number of innocuous objects". Indeed, the police officer in the instant case did not testify that he knew, from either the location and character of the bulge, that the defendant was carrying a weapon. Accordingly, the frisk of the defendant's person was not warranted and exceeded permissible constitutional boundaries *(see, People v Stewart, supra).* Therefore, the gun should have been suppressed and the defendant's subsequent statement should also have been suppressed as the fruit of the poisonous tree.

In view of our determination, we need not address the defendant's remaining contention. O'Brien, J. P., Joy, Goldstein and Florio, JJ., concur.