■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO ROSADO, Also Known as WILLY, Appellant. [634 NYS2d 414] —Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered December 23, 1994, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

In satisfaction of a four-count indictment, defendant pleaded guilty to criminal possession of a controlled substance in the third degree. As part of the plea agreement, he waived his right to appeal and was sentenced as a second felony offender to a prison term of $4^1/_2$ to 9 years. Initially, we reject defendant's contention that his waiver of the right to appeal was not knowingly and intelligently made. The transcript of the plea allocution reveals that defendant was fully advised of his rights and understood the implications of his guilty plea. Consequently, we need not address defendant's claim that he was denied the effective assistance of counsel. Nevertheless, were we to consider this claim, we would find that it is without merit since the record before us reveals that defendant was provided with meaningful representation.

Mikoll, J. P., Mercure, Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN YOUNG, Appellant. [634 NYS2d 409] —Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered December 23, 1994, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the fourth degree.

As the result of an incident in which a quantity of cocaine was found in defendant's automobile, defendant pleaded guilty to the crime of attempted criminal possession of a controlled substance in the fourth degree. In accordance with the plea agreement, defendant was sentenced to a term of $2^1/_3$ to 7 years in prison and required to pay a $5,000 fine. Inasmuch as defendant waived his right to appeal the judgment of conviction, he is precluded from challenging the sentence on the ground that it is harsh and excessive. However, even if we were to consider defendant's claim on the merits, we would not find, in view of defendant's admission that he supported himself through the sale of drugs, that the sentence imposed is harsh or excessive. Accordingly, we decline to disturb County Court's judgment.

Cardona, P. J., Crew III, White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.