■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP POMPEY, Appellant. [643 NYS2d 429]

Defendant pleaded guilty to the crime of criminal possession of a controlled substance in the third degree and was sentenced as a second felony offender to $4^1/_2$ to 9 years in prison. On appeal, he argues that his guilty plea was not knowingly, voluntarily and intelligently made and that he was denied the effective assistance of counsel. We find defendant's first contention to be without merit. Although defendant had difficulty deciding whether to plead guilty or to proceed to trial, he was fully informed of the ramifications of pleading guilty and communicated his understanding to County Court prior to entering his plea. Consequently, we find that his plea was knowingly, voluntarily and intelligently made (*see, People v Harris*, 61 NY2d 9, 16-17; *People v Machado*, 181 AD2d 796, *lv denied* 79 NY2d 1051).

Since defendant entered a knowing, voluntary and intelligent guilty plea, he waived his right to raise other issues on appeal, including his claim that he was denied the effective assistance of counsel (*see, People v Rosado*, 221 AD2d 777; *People v Bryant*, 221 AD2d 774). Nevertheless, were we to consider this claim, we would find that it is also without merit. Although three different attorneys from the Public Defender's office appeared on defendant's behalf, each attorney represented defendant competently. Therefore, we find that defendant was provided meaningful representation (*see, People v Baldi*, 54 NY2d 137; *People v Jimenez*, 189 AD2d 990, *lv denied* 81 NY2d 972).

Mercure, J. P., Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.