■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSE RAMIREZ-PORTOREAL, Respondent. [646 NYS2d 217] —Cardona, P. J. Appeal (upon remittal from the Court of Appeals) from an order of the County Court of Albany County (Turner, Jr., J.), entered June 24, 1994, which granted defendant's motion to suppress evidence.

The relevant facts pertaining to this appeal are set forth in our prior decision in this matter (214 AD2d 830). We reversed County Court's order suppressing evidence seized in a search of defendant's bag concluding that defendant failed to establish standing to challenge the search. Upon appeal, the Court of Appeals determined that defendant demonstrated a legitimate expectation of privacy in the bag he carried and, therefore, had standing to contest the search (88 NY2d 99). The Court reversed our order denying defendant's suppression motion and remitted the matter to us to determine whether defendant waived that expectation of privacy by abandoning the bag as the People contend.

Where, as here, the People's claim of abandonment is predicated on a defendant's disclaimer of property ownership, our inquiry must focus on whether the disclaimer was the result of unlawful police activity and, further, if it was, whether the abandonment was "intentional and voluntary as the product of a considered judgment, or a direct and spontaneous consequence of the illegality" (*People v Ramirez-Portoreal,* 88 NY2d 99, 110, *supra*). Defendant initially argues that the police lacked an objective, credible reason to request information from him. We disagree. Investigator Matthew Campbell testified that he and his fellow officers were conducting drug interdiction at the local bus stations and were "observing all buses, particularly those arriving from the New York City

area as well as the westbound buses". Defendant and his two companions were observed arriving from New York City carrying only one bag among them. After looking in the officers' direction, they immediately boarded the westbound bus. The officers observed defendant carry the bag onto the bus, place it in an overhead compartment and sit one seat up and across the aisle from the compartment. In taking their seats, defendant's companions were observed distancing themselves from each other and the bag. Unlike County Court, we find these observations sufficient to give the police an articulable reason, not necessarily indicative of criminality, to approach defendant on the bus and, in a nonthreatening manner, request such information as defendant's identification, his travel plans, whether he was traveling with any companions and if he was carrying any luggage (*see, People v Hollman*, 79 NY2d 181; *People v Hanson*, 195 AD2d 408).

Inspector John Burke asked defendant for identification and a bus ticket. Defendant produced a bus ticket but no identification. Burke then asked defendant if he had any luggage on board and defendant replied no. Defendant's negative response, in light of the officers' observations, gave Burke a founded suspicion that criminality was afoot. At that point, the questioning properly advanced to the common-law inquiry level and it was permissible for Burke to question defendant about ownership of the bag (*see, People v Hollman, supra*, at 193). Only after everyone in the bus denied ownership of the bag did the officers open it, revealing the concealed narcotics. On this record, we find that there was no overbearing police pressure and that the approach and the ensuing questioning were, in all respects, proper (*see, People v Hollman, supra*, at 193; *People v Hanson, supra*, at 410). The recovery of the property abandoned through defendant's disclaimer of ownership was, therefore, lawful (*cf., People v Braithwaite*, 172 AD2d 548, *lv denied* 78 NY2d 920). Accordingly, the motion to suppress should have been denied.

Crew III, White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law and the facts, motion denied and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.