■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDWARD G. HILL, Respondent. [693 NYS2d 656] —Spain, J. Appeal from an order of the County Court of St. Lawrence County (Nicandri, J.), entered September 24, 1998, which granted defendant's motion to suppress evidence.

Upon observing two people at approximately 3:00 A.M. walking from the vicinity of a parking lot in the Village of Massena, St. Lawrence County, where several vehicles had been broken into in the recent past, a village police officer began to follow them in his police vehicle. When they walked in different directions at an intersection, the police officer turned at the intersection but was unable to locate the person who had gone in that direction. The police officer radioed for back-up and returned to the intersection where he observed the other person, defendant, and stopped to inquire. Defendant provided straightforward answers to the police officer's questions about where he was going, where he had been and the identity of his companion. In the meantime, a second officer had arrived and discovered defendant's companion hiding nearby.

While talking with defendant, the police officer observed a bulge in the front pocket of the jacket defendant was wearing and conducted a pat-down of the front of the jacket. He discovered several cassette tapes in the front pocket and continued the pat-down until he felt something hard near the small of defendant's back, which turned out to be a gun. After being advised of the Miranda rights, defendant made some statements about the gun. Following a hearing, County Court granted defendant's motion to suppress the gun and his statements, from which order the People appeal.

We affirm. The information possessed by the police officer may have provided, at most, a founded suspicion that criminal activity was afoot, thereby activating the common-law right to inquire; however, the police officer's authority to pat-down or

frisk defendant is a corollary to the right to stop and detain, which right is only activated by a reasonable suspicion that defendant had committed, was committing or was about to commit a felony or misdemeanor (*see, People v De Bour*, 40 NY2d 210, 223; *see also, People v Hollman*, 79 NY2d 181, 185). The record supports County Court's conclusion that the police officer had no basis upon which to stop and detain defendant and, therefore, he was not justified in conducting the pat-down (*see, People v Powell*, 246 AD2d 366, 369-370, *appeal dismissed* 92 NY2d 886).

In any event, no pat-down or frisk was authorized unless the police officer had knowledge of some fact or circumstance to support a reasonable suspicion that defendant was armed or posed a threat to safety (*see, People v Batista*, 88 NY2d 650, 654; *see also, People v De Bour, supra*, at 223). Defendant was generally cooperative and he made no threatening statements or gestures. There is no evidence that the prior criminal activity in the area involved a weapon or that the police officer had any other reason to suspect that defendant was armed or dangerous. The police officer's observation of the bulge in the front pocket of defendant's jacket was insufficient to justify the frisk. In contrast to a waistline bulge, which "is telltale of a weapon", a pocket bulge "could be caused by any number of innocuous objects" (*People v De Bour, supra*, at 221). There was nothing in the character or location of the bulge to suggest that defendant was carrying a weapon. Defendant did not put his hand in or near the pocket or make any other furtive movements to arouse suspicion that the bulge represented a weapon. On cross-examination, the police officer conceded that his observation of the pocket bulge "had me thinking that maybe he was hiding something possibly from a vehicle". The circumstances of the confrontation with defendant, whether viewed independently or cumulatively, did not supply the necessary reasonable suspicion that defendant was armed or dangerous (*see, People v Andrades*, 219 AD2d 656, 657, *lv denied* 87 NY2d 897). In addition, even if the police officer suspected that the pocket bulge was a concealed weapon, any suspicion abated when he determined that the pocket did not contain a weapon, at which time the frisk should have ended (*see, People v Setzer*, 199 AD2d 548, 549). Inasmuch as the gun was unlawfully seized, County Court properly suppressed it and defendant's statements pertaining to the gun, which were the fruit of the unlawful seizure (*see, People v Andrades, supra*).

Peters, J. P., Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed.