■ The People of the State of New York, Respondent, v Thomas Hodges, Appellant. [786 NYS2d 668]—

Peters, J. Appeal from a judgment of the County Court of Albany County (Czajka, J.), rendered October 5, 2001, convicting defendant upon his plea of guilty of two counts of the crime of criminal possession of a controlled substance in the third degree.

On April 27, 2000, investigators Eugene Duda and Mike Reilly of the Albany County Sheriff's Department were conducting a drug interdiction at the bus terminal in the City of Albany, Albany County. They observed passengers disembarking a bus arriving from New York City and noticed defendant, holding a plastic bag, talking to another male passenger. Once inside the terminal, defendant placed his bag on a seat and walked away. He then sat alone at several different locations in the terminal. At the appropriate time, he got on line with the other passengers to board a bus to the City of Syracuse, Onondaga County. After a few minutes, defendant got out of line, retrieved the plastic bag from the terminal, called to the male passenger with whom he conversed, and both men boarded the bus. Defendant sat near the front of the bus, placed the plastic bag in a nearby overhead compartment, and the other man sat in the back.

Duda and Reilly boarded the bus, displayed their badges, and announced that they were conducting a drug interdiction. They requested that each passenger display a ticket and identification. When they reached defendant, he presented a ticket but no identification, indicating that he was coming from New York City and traveling to Syracuse. In response to questioning, defendant stated that he was traveling alone and did not have any luggage. When Duda opened the overhead compartment near defendant's seat, as he had done with all prior overhead compartments, he removed what he recognized to be the plastic bag that defendant was carrying inside the terminal. Holding the bag in full view of all passengers, Duda repeatedly asked if anyone knew who owned the bag; he received no response. After no passenger voiced any objection to his request to open the bag, Duda opened the bag and observed what he believed to be crack cocaine. Defendant was arrested.

After a hearing, defendant's motion to suppress the seized

contraband was denied by County Court (Rosen, J.). Defendant thereafter pleaded guilty to the indictment and, prior to sentencing, moved to withdraw his plea (see CPL 220.60) and for a reconsideration of the suppression issue in light of the then-recent Court of Appeals decision in *People v McIntosh* (96 NY2d 521 [2001]). Both motions were denied and defendant was sentenced to two concurrent prison terms of 4½ to 9 years. He appeals and we affirm.

Addressing defendant's challenge to the voluntariness of his plea, the record reveals that he entered a knowing, voluntary and intelligent plea. He was advised of its consequences, confirmed his understanding thereof and had the opportunity to fully consult with counsel (see *People v McCafferty*, 1 AD3d 799, 799-800 [2003], *lv denied* 2 NY3d 743 [2004]; *People v Camp*, 302 AD2d 629, 630 [2003], *lv denied* 100 NY2d 593 [2003]). To the extent that defendant now asserts that he was dissatisfied with counsel, we reject such contention as unavailing. The record reveals that his counsel provided meaningful representation and defendant received an advantageous plea (see *People v Nieves*, 302 AD2d 625, 625 [2003], *lv denied* 100 NY2d 541 [2003]; *People v Jimenez*, 189 AD2d 990, 991 [1993], *lv denied* 81 NY2d 972 [1993]).

Next addressing the admissibility of the contraband seized, we find that, in light of defendant's representation that he traveled without luggage and then failed to assert an ownership interest in the plastic bag despite proper police inquiry, he lacks standing to mount this challenge (see *People v Ramirez-Portoreal*, 88 NY2d 99, 108 [1996]). Moreover, unlike *People v McIntosh* (*supra*), defendant's peculiar conduct in and outside the terminal prior to boarding the bus provided the investigators with an articulable reason to request the information and, based upon defendant's responses, ultimately seize the bag (see *People v Jordan*, 9 AD3d 792, 794-795 [2004], *lv denied* 3 NY3d 708 [2004]).

Finding defendant's sentence neither harsh nor excessive in light of his criminal history and other relevant factors, we further decline to modify it in the interest of justice due to the absence of extraordinary circumstances (see *People v Hawes*, 298 AD2d 706, 709 [2002], *lv denied* 99 NY2d 582 [2003]; *People v Bell*, 290 AD2d 729, 730 [2002]).

Cardona, P.J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.