■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH JENNINGS, Appellant. [833 NYS2d 737]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered March 31, 2005 in Albany County, upon a verdict convicting defendant of two counts of the crime of criminal possession of a controlled substance in the third degree.

In August 2004, Albany County Sheriff Investigator Eugene Duda and other officers were conducting a drug interdiction at the bus terminal in the City of Albany. Duda observed defendant exit a bus arriving from New York City carrying a blue duffel bag. According to Duda, defendant appeared nervous and tense, looked around and then proceeded to a bank of telephones, where he placed a brief call saying, "I have the stuff. I'll be there in a little while." Defendant then exited the bus station towards a taxicab. After a brief conversation with the driver, defendant placed his duffel bag in the trunk next to a large suitcase belonging to a passenger already in the taxi with whom defendant apparently planned to share the taxi ride.

At that point, Duda approached defendant, identified himself and informed defendant of the interdiction being conducted. Duda asked defendant for identification and his bus ticket. Defendant, unable to produce a bus ticket, presented an identification card; according to Duda, the validity of the card was questionable as it appeared tampered with or altered. In response to Duda's questions regarding defendant's destination, defendant indicated that he was going to the City of Troy, Rensselaer County, however, he would not give a precise location or address. When Duda inquired as to whether defendant had any luggage, defendant claimed ownership only of the suitcase in the trunk. Duda removed the duffel bag from the trunk, informed defendant that he had observed defendant carrying it

and asked if he could open it. Defendant replied, "[Y]ou can open it, it's not my bag." After the other passenger in the taxicab denied that the duffel bag was his, Duda opened it and discovered, among other things, a New York State learner's permit containing defendant's picture, a letter addressed to defendant and 12 foils of crack cocaine hidden in a sock.

Defendant was then arrested and later indicted on two counts of criminal possession of a controlled substance in the third degree. Defendant's subsequent motion to suppress the contraband, as well as his oral statements made during booking, was denied by County Court (Breslin, J.) after a hearing. Following a jury trial, defendant was convicted of both counts and sentenced by Supreme Court (Lamont, J.) to concurrent prison terms of 4 to 12 years. Defendant now appeals.

Initially, we discern no reason to disturb County Court's denial of defendant's motion to suppress the seized evidence on the basis of an illegal search and seizure. While the record demonstrates that defendant initially had a legitimate expectation of privacy in the duffel bag he carried (*see People v Ramirez-Portoreal*, 88 NY2d 99, 108-109 [1996]), the People established that defendant voluntarily waived such privacy expectation by denying ownership of the duffel bag during a proper police inquiry (*see id.* at 110). To that end, Duda's observation of defendant's nervous and tense demeanor upon exiting the bus together with overhearing defendant's brief telephone conversation, although not indicative of criminality, provided an objective, credible basis for general, nonthreatening questions regarding identification and destination (*see People v Hollman*, 79 NY2d 181, 184, 191 [1992]; *People v De Bour*, 40 NY2d 210, 223 [1976]; *People v Jordan*, 9 AD3d 792, 794-795 [2004], *lv denied* 3 NY3d 708 [2004]). The apparent fake identification, the elusive responses regarding his destination and the identification of the suitcase as his gave rise to a founded suspicion that criminality was afoot. These circumstances justified Duda's questions regarding the ownership of the duffel bag as a proper exercise of an officer's common-law right to inquire (*see People v De Bour, supra* at 223; *People v Jordan, supra* at 795). Inasmuch as the initial police encounter was proper, defendant lacks standing to challenge the admissibility of the evidence seized from the duffel bag which was abandoned through his deliberate denial of ownership (*see People v Hodges*, 13 AD3d 979, 980 [2004]; *People v Ramirez-Portoreal*, 230 AD2d 943, 944 [1996], *lv denied* 88 NY2d 1071 [1996]).

Next, we are unpersuaded by defendant's contention that the evidence was legally insufficient and the verdict was against the

weight of the evidence. "A person is guilty of criminal possession of a controlled substance in the third degree when he [or she] knowingly and unlawfully possesses . . . a narcotic drug with intent to sell it" (Penal Law § 220.16 [1]), or a substance containing a narcotic drug has "an aggregate weight of one-half ounce or more" (Penal Law § 220.16 [12]). Viewed in a light most favorable to the People (*see People v Bleakley*, 69 NY2d 490, 495 [1987]), the evidence—which included 12 individually-wrapped foils of crack cocaine hidden in a duffel bag carried by defendant and containing indicia of defendant's ownership, Duda's testimony that defendant stated during booking that he "comes here to the area to do business and then goes back to New York City" and "stays all over until it's gone," and forensic testimony regarding the weight of the foil packets of crack cocaine—was legally sufficient to establish beyond a reasonable doubt all elements of the crimes charged. Furthermore, upon our review of the evidence and according deference to the jury's credibility determinations, the verdict is not against the weight of the evidence (*see id.*).

Finally, we find no reason to disturb the sentence imposed, which was within the statutorily permitted range (*see* Penal Law § 70.00 [2] [former (b)]; [3] [former (b)]). The record establishes that Supreme Court considered relevant circumstances, including defendant's lack of criminal history and expression of remorse, and we find no abuse of discretion nor extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Bell*, 290 AD2d 729 [2002]; *People v McKenzie*, 263 AD2d 778, 780 [1999], *lv denied* 93 NY2d 1045 [1999]).

Mercure, Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.