Stein, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered November 2, 2011, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
At approximately 9:00 p.m. one evening, while exiting the parking lot of an apartment complex in the City of Kingston, Ulster County, patrol officer Rick Negron observed an automobile with a loud exhaust system stopped at a stop sign directly across the intersection. Negron illuminated the inside of the vehicle with his spotlight and recognized defendant as the driver, noting that he was not wearing a seatbelt. Defendant then sped through the intersection into the parking lot and parked. Negron turned his vehicle around, reentered the parking lot and pulled up behind defendant. He then illuminated defendant’s car and approached the driver’s side while his partner approached the passenger side. Upon inquiry, defendant informed Negron that he did not have a driver’s license and, when asked who owned the car, defendant failed to respond and looked at the passenger, who Negron recognized as a recent parolee. Negron asked defendant to step out of the vehicle and, observing bulges in both pockets of his pants, asked defendant if he possessed any weapons or drugs. Defendant again failed to respond, after which Negron asked him to place his hands on the back of the vehicle and proceeded to perform a pat frisk of defendant’s pockets. When Negron felt the outline of what appeared to be a handgun in defendant’s right pocket, he signaled to another patrol officer who had recently arrived at the scene; that officer reached into defendant’s pocket and retrieved a handgun.
Defendant was arrested and later indicted on charges of criminal possession of a weapon in the second and third degrees. A suppression hearing was conducted, after which County Court denied suppression of the handgun. Pursuant to a negotiated plea agreement, defendant then pleaded guilty to criminal possession of a weapon in the second degree in full satisfaction of the indictment, as well as a pending probation violation, and was thereafter sentenced in accordance with the plea agreement. Defendant now appeals, contending that County Court erred in failing to suppress the handgun, which challenge survives his guilty plea (see CPL 710.70 [2]; People v Ross, 106 AD3d 1194, 1194-1195 [2013]).
*1057 We affirm. It is now well settled that a police officer may reasonably initiate a traffic stop based upon the existence of probable cause to believe that a traffic infraction has occurred, regardless of the underlying motivation of the officer in doing so (see People v Robinson, 97 NY2d 341, 348-349 [2001]; People v Ross, 106 AD3d at 1195). Here, inasmuch as Negron observed both that the exhaust system on defendant’s vehicle was excessively loud (see Vehicle and Traffic Law § 375 [31]) and that he was operating the vehicle without wearing a seatbelt (see Vehicle and Traffic Law § 1229-c [3]), there was ample basis to approach defendant’s parked car. While defendant contends that the record contains insufficient evidence of the vehicular violations, we note that Negron’s testimony was uncontroverted and, in any event, we accord great weight to the credibility determinations made by the suppression court, given its peculiar advantage of having seen and heard the witnesses (see People v Morris, 105 AD3d 1075, 1077 [2013]; People v Whalen, 101 AD3d 1167, 1168 [2012], lv denied 20 NY3d 1105 [2013]; People v Green, 80 AD3d 1004, 1005 [2011]; People v Douglas, 42 AD3d 756, 757 [2007], lv denied 9 NY3d 922 [2007]).
Turning to defendant’s challenge to the search itself, officers may exercise their discretion to require occupants to exit a vehicle once a lawful traffic stop has been effected, out of a concern for safety and without particularized suspicion (see People v Garcia, 20 NY3d 317, 321 [2012]; People v Robinson, 74 NY2d 773, 774 [1989], cert denied 493 US 966 [1989]; People v Ross, 106 AD3d at 1196; People v Carter, 60 AD3d 1103, 1105 [2009], lv denied 12 NY3d 924 [2009]). Furthermore, a pat-down search of a suspect’s outer clothing is reasonable and constitutionally permissible when an officer observes facts and circumstances that give rise to a reasonable suspicion that a person is armed or poses a threat to his or her safety (see People v Williams, 305 AD2d 804, 807 [2003]; People v Hill, 262 AD2d 870, 870-871 [1999]). Significantly, “[t]hese encounters can be ‘dynamic situations during which the degree of belief possessed at the point of inception may blossom by virtue of responses or other matters which authorize . . . additional action as the scenario unfolds’ ” (People v Tillery, 60 AD3d 1203,1205 [2009], lv denied 12 NY3d 860 [2009], quoting People v De Bour, 40 NY2d 210, 225 [1976]; accord People v Morris, 105 AD3d at 1076-1077).
Here, the entire encounter took place after dark in an area to which Negron had frequently responded to reports of gang activity, drug sales, fights and shootings. Negron testified that he was familiar with defendant from his prior criminal activity and that defendant had been violent toward police in the past and *1058 had twice been charged with resisting arrest. After defendant exited the vehicle, Negron noticed bulges in the pockets in defendant’s “grabbable” area, which Negron defined as the hot zone that defendant’s hands could access quickly from their normal resting position. Defendant subsequently declined to answer the question as to whether he was in possession of any weapons or drugs, prompting Negron to conduct the pat frisk that ultimately revealed a concealed handgun. Thus, considering the circumstances in their totality, we find that the officer possessed a reasonable basis to perform a pat-down search of defendant for the presence of weapons (see People v Green, 80 AD3d at 1005; People v Harper, 73 AD3d 1389, 1389-1390 [2010], lv denied 15 NY3d 920 [2010]; People v Douglas, 42 AD3d at 758; see also People v Daniels, 103 AD3d 1204, 1204-1205 [2013]; People v Grant, 83 AD3d 862, 863 [2011], lv denied 17 NY3d 795 [2011]). Defendant’s remaining contentions have been examined and found to be lacking in merit.
Rose, J.P., Spain and McCarthy, JJ., concur. Ordered that the judgment is affirmed.