People v Shahriar (2021 NY Slip Op 50779(U))

[*1]

People v Shahriar (Mohammed)

2021 NY Slip Op 50779(U) [72 Misc 3d 139(A)]

Decided on August 5, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 5, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, TIMOTHY S.
DRISCOLL, JJ

2019-1510 N CR

The People of the State of New York,
Respondent,
against
Mohammed Shahriar, Appellant. 

Kristina S. Heuser, for appellant.
Nassau County District Attorney (John B. Latella and Andrew Fukuda of counsel), for
respondent.

Appeal from a judgment of the City Court of Glen Cove, Nassau County (Richard J.
McCord, J.), rendered July 31, 2018. The judgment convicted defendant, upon a jury verdict, of
criminal contempt in the second degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Following a jury trial, defendant was convicted of criminal contempt in the second degree
(Penal Law § 215.50 [3]). Defendant was sentenced to a three-year term of probation, and
the court issued a five-year stay-away order of protection in favor of the complainant against
defendant. On appeal, defendant contends, among other things, that the verdict was against the
weight of the evidence, he was deprived of meaningful representation, and his sentence is
excessive.
In conducting an independent review of the weight of the evidence (see CPL 470.15
[2]; People v Danielson, 9 NY3d
342, 348 [2007]), we accord great deference to the factfinder's opportunity to view the
witnesses, hear their testimony, and observe their demeanor (see People v Lane, 7 NY3d 888, 890 [2006]; People v
Mateo, 2 NY3d 383, 409 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). We
find that the verdict was not against the weight of the evidence.
Contrary to defendant's contention, defense counsel provided him with meaningful
representation in accordance with the New York State standard (see NY Const, art I,
§ 6; People v Caban, 5 NY3d
143, 155-156 [2005]; People v Benevento, 91 NY2d 708, 713-714 [1988]).
It is well settled that sentencing is a matter committed to the sentencing court's discretion
(see People v Farrar, 52 NY2d 302, 305 [1981]; see also People v Suitte, 90
AD2d 80, 85 [*2][1982]). A review of the record indicates that
defendant's sentence imposed was not excessive (see People v Suitte, 90 AD2d 80), and
no extraordinary circumstances exist that warrant a modification of the sentence (see People v Hodges, 13 AD3d
979 [2004]; People v Singh, 63
Misc 3d 163[A], 2019 NY Slip Op 50928[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2019]).
Defendant's remaining contention is without merit. The determination to admit videotape
evidence "generally rests . . . within a trial court's founded discretion" (People v
Patterson, 93 NY2d 80, 84 [1999]). In our view, the court properly precluded admission of
the video evidence (see People v
Chess, 66 Misc 3d 142[A], 2020 NY Slip Op 50166[U] [App Term, 2d Dept, 9th &
10th Jud Dists 2020]).
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 5, 2021