People v Lewis (2024 NY Slip Op 03254)

People v Lewis

2024 NY Slip Op 03254

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, GREENWOOD, AND NOWAK, JJ.

162 KA 23-00682

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GEORGE J. LEWIS, DEFENDANT-APPELLANT. 

TODD G. MONAHAN, LITTLE FALLS, FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (MORGAN R. MAYER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Jefferson County Court (David A. Renzi, J.), rendered February 15, 2023. The judgment convicted defendant upon his plea of guilty of attempted criminal possession of a controlled substance in the third degree and grand larceny in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [7]) and grand larceny in the fourth degree (§ 155.30 [2]). We affirm.
Defendant contends that he was denied effective assistance of counsel. Insofar as defendant asserts that the alleged ineffectiveness infected his plea, defendant's contention survives both the plea and the waiver of the right to appeal (see People v Wood, 217 AD3d 1407, 1409-1410 [4th Dept 2023], lv denied 40 NY3d 1000 [2023]; People v Rausch, 126 AD3d 1535, 1535 [4th Dept 2015], lv denied 26 NY3d 1149 [2016]), the validity of which defendant does not challenge.
Defendant claims that defense counsel was ineffective in failing to inform him about his right to testify before the grand jury. Because the record on appeal does not reflect whether defense counsel informed defendant of that right, defendant's contention "is based on matters outside the record and thus must be raised by way of a motion pursuant to CPL 440.10" (People v Gaston, 100 AD3d 1463, 1466 [4th Dept 2012]; cf. People v Mobley, 309 AD2d 605, 605 [1st Dept 2003], lv denied 1 NY3d 599 [2004]).
Defendant further contends that, because three different assistant public defenders represented him at the three proceedings up to and including the plea, he was denied continuity of representation and, consequently, meaningful representation. We reject that contention. Defendant received "a favorable plea and has not demonstrated 'the absence of strategic or other legitimate explanations' for counsel[s'] alleged shortcomings" (People v Shaw, 222 AD3d 1401, 1403 [4th Dept 2023], quoting People v Rivera, 71 NY2d 705, 709 [1988]; see People v Griffin, 204 AD3d 1385, 1386 [4th Dept 2022]). Moreover, "[t]he mere fact that different attorneys assisted in . . . defendant's case at different times does not render their assistance ineffective" (People v Mejias, 293 AD2d 819, 820 [3d Dept 2002], lv denied 98 NY2d 699 [2002]; see People v Pompey, 228 AD2d 720, 721 [3d Dept 1996], lv denied 88 NY2d 992 [1996]; see generally People v Camacho, 16 NY2d 1064, 1065 [1965]). Here, "[t]he record as a whole reflects that [each] defense counsel provided reasonably competent assistance and . . . was diligent and conscientious" (People v Dietz, 79 AD2d 476, 480 [4th Dept 1981]). Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, defendant contends that his enhanced sentence is unduly harsh and severe. As a preliminary matter, a challenge to the severity of an enhanced sentence imposed due to a defendant's violation of the plea agreement is not encompassed by a waiver of the right to appeal where, as here, County Court " 'failed to advise defendant of the potential period of incarceration that could be imposed' for an enhanced sentence" (People v Huggins, 45 AD3d 1380, 1381 [4th Dept 2007], lv denied 9 NY3d 1006 [2007]; see generally People v Seaberg, 74 NY2d 1, 10 [1989]). Nevertheless, we conclude that the enhanced sentence imposed is not unduly harsh or severe.
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court